J-S52022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAIN JACKSON, | |
| Appellant | No. 2549  EDA 2013 |

Appeal from the Judgment of Sentence entered May 3, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0010177-2010

BEFORE:   GANTMAN, P.J., ALLEN, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                        **FILED AUGUST 20, 2014**

Jermain Jackson ("Appellant") appeals from the judgment of sentence imposed after he was convicted of possession with intent to deliver (PWID).[1] We affirm.

The trial court summarized the facts leading to Appellant's arrest as follows:

> On May 15, 2010 at approximately 9:00 p.m., Police Officers Maurice Rhoades and Melvin Floyd were on duty as members of the Narcotics Strike Force Field Unit.  The officers set up surveillance in an unmarked car at the well-lit 1400 block of North 17th Street in the City and County of Philadelphia.
>
> Officers saw Appellant on the street, engaged in a brief conversation [with] Donald Stanson ("Stanson").  An unknown

_____

[1] 35 P.S. § 780-113(a)(30).

*Former Justice specially assigned to the Superior Court.

black male approached Appellant, spoke with him for less than a minute, and handed him money. Appellant went to a nearby wall, took a black plastic bag from the ground, and removed small objects from inside the bag. Appellant handed the objects to the man, who then walked away. Officer Floyd relayed his observations over the surveillance band to backup officers, but police officers were not able to locate that man.

Approximately ten (10) minutes later, a car pulled up driven by a second unidentified black male. The man spoke briefly to Appellant and handed him an unknown amount of money. Appellant once again went to the black plastic bag by the wall and took objects from inside the bag, and handed them to the man along with a small, black-capped jar about two inches tall. The man put the small objects in his mouth and drank the jar's contents before tossing it to the ground. He spoke briefly with Appellant and Stanson before driving away. Police officers did not stop the man.

At approximately 9:25 p.m., Appellant retrieved the black bag and entered a gray Dodge vehicle, with Stanson driving. Officer Rhoades put out the description and license plate number of the car over the radio. Officer Christopher Purnell, also of the Narcotics Strike Force, was in a marked car about two or three blocks away from 1400 N. 17th Street. Officer Purnell spotted the Dodge vehicle. When the vehicle made a left onto the 1600 block of Thompson Street, he activated his lights and sirens and pulled Appellant over.

Appellant opened the door, threw something out, and closed the door again. Officer Purnell removed Appellant from the car. Stanson was taken out of the car by another officer and later released. Officer Purnell recovered a black plastic bag from beneath the vehicle. Inside was a clear sandwich bag with twenty-eight (28) white pills later identified as Percocet, five (5) green pills later identified as oxycodone, and a single jar with a black top and purple syrup inside, later identified as codeine.

Officer Rhoades returned to Thompson Street and identified Appellant as the man he had observed engaging in narcotics transactions. Appellant was searched and from his pants pocket was recovered $216 United States Currency ("USC") in the denominations of one (1) $50 bill, seven (7) $20 bills, two (2) $10 bills, one (1) $5 bill and one (1) $1 bill.

- 2 -

Trial Court Opinion, 12/23/13, at 2-4 (footnotes and citations to notes of testimony omitted). Appellant was subsequently arrested and charged, and a jury trial commenced on January 17, 2013. The jury found Appellant guilty of PWID.

Following a hearing on May 2, 2013, the trial court sentenced Appellant to three and a half (3½) to eight (8) years in prison. Appellant filed a post-sentence motion on May 3, 2013, which was denied by operation of law on September 3, 2013. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> WAS THE EVIDENCE SUBMITTED BY THE COMMONWEALTH AT TRIAL INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE JURY'S VERDICT FINDING APPELLANT GUILTY OF POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DELIVER WHEN THE EVIDENCE FAILED TO ESTABLISH THAT APPELLANT EITHER DELIVERED, OR INTENDED TO DELIVER, THE CONTROLLED SUBSTANCES IN QUESTION?
>
> DID THE [TRIAL] COURT ERR IN DENYING APPELLANT'S MOTION FOR MISTRIAL MADE IN RESPONSE TO PREJUDICIAL COMMENTS PRESENTED TO THE JURY BY THE COMMONWEALTH DURING ITS CLOSING ARGUMENT?

Appellant's Brief at 3.

In his first issue, Appellant argues that the evidence was insufficient to establish that he was guilty of possession with intent to deliver in violation of 35 P.S. § 780-113(a)(30) which provides:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited: ...

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

With regard to Appellant's sufficiency challenge:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Devine*, 26 A.3d 1139, 1145 (Pa. Super. 2011).

To sustain a conviction for PWID, the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. 35 P.S. 780-113(a)(30); *Commonwealth v. Bostick*, 958 A.2d 543, 560 (Pa. Super. 2008). "It is well settled that all

the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver." **Commonwealth v. Brown**, 904 A.2d 925, 931 (Pa. Super. 2006), *appeal denied*, 919 A.2d 954 (Pa. 2007). "In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substance. It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver." **Bostick**, 958 A.2d at 560. However, "if, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors." **Id**. "Factors which may be relevant in establishing that drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant." **Commonealth v. Aguado**, 760 A.2d 1181, 1186 (Pa. Super. 2000).

Here, the trial court found the evidence sufficient to support Appellant's conviction for PWID. The trial court explained:

> Officers observed Appellant take small objects from a black plastic bag on the ground near a wall on 17th Street, and exchange those objects for money in two separate transactions. They observed an unidentified man exchange currency with Appellant for pills and a small jar, which he consumed within their view. Officers observed Appellant take the black plastic bag from the ground and get into the passenger side of a gray Dodge vehicle.

After Officer Rhoades put out a description of Appellant's vehicle, a gray Dodge, and its license plate number over the surveillance radio, Officer Purnell spotted the vehicle traveling southbound on 17th Street and pulled the driver over. Officer Purnell observed the passenger door open, a black bag thrown from the door, and the door close again. After placing Appellant – who matched the description given over the surveillance radio – in custody, Officer Purnell recovered a black plastic bag from beneath the car. Appellant maintained possession and control of the black plastic bag, from the time it was on the ground and he took small objects from it, to the time he got into the passenger side of the car after picking up the bag, to the time he threw it from the car. The bag contained Percocet, codeine syrup, and oxycodone. Officer Rhoades observed him make several narcotics transactions, exchanging small objects in exchange for money. The money recovered from Appellants' person was entirely in small bills, consistent with narcotics trafficking.

Thus, the evidence was sufficient to convict Appellant of PWID.

Trial Court Opinion, 12/23/13, at 5-6.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that the evidence was sufficient for the jury to determine that Appellant possessed controlled substances with intent to deliver. Officer Rhoades testified that he saw Appellant engage in multiple hand-to-hand exchanges for cash of small items retrieved from a black plastic bag. N.T., 1/17/13, at 49-52. Officer Rhoades observed one of the individuals receive a small jar with a black cap from Appellant in exchange for cash, and the officer observed the buyer drink the contents of the jar. *Id*. When Appellant left the scene of the aforementioned transactions in a gray Dodge vehicle, Officer Rhoades relayed a description of his vehicle over the police radio, and approximately

one minute later, Officer Purnell spotted Appellant's vehicle and stopped it. *Id*. at 53, 105-106. When Officer Purnell stopped Appellant's vehicle, Appellant discarded the black bag which was found to contain twenty-eight Percocet pills, five oxycodone pills and a jar of codeine with a black cap, identical in size, shape and color to the one Appellant had earlier sold to the unknown male who had drank its contents on the street. *Id*. at 55-57, 107. Additionally, $216 cash was retrieved from Appellant. *Id*. at 108. This testimony, if believed by the jury, was sufficient to sustain Appellant's PWID conviction. ***See Aguado, supra*** (finding evidence sufficient to support PWID conviction where police officer witnessed appellant accept cash from an unidentified male in exchange for small objects that the appellant retrieved from a brown paper bag, and appellant discarded that paper bag upon the officers' approach, and subsequent investigation revealed that the paper bag contained ten individual vials containing crack cocaine, and that the appellant possessed $93.00 in cash).

Appellant next argues that the trial court erred when it denied his motion for mistrial made in response to prejudicial comments made by the Commonwealth to the jury during its closing argument. Appellant's Brief at 14-19. Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. ***Commonwealth v. Harris***, 884 A.2d 920, 927 (Pa. Super. 2005) (citation omitted), *appeal denied*, 928 A.2d 1289 (Pa. 2007). In considering such a claim, our

attention is focused on whether the defendant was deprived of a fair trial, not a perfect one. *Id.*

> [I]n reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made. Our review of prosecutorial remarks and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial.
>
> * * *
>
> It is well settled that a prosecutor has considerable latitude during closing arguments and his arguments are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence. Further, prosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. Prosecutorial misconduct is evaluated under a harmless error standard.
>
> In determining whether the prosecutor engaged in misconduct, we must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

*Commonwealth v. Judy*, 978 A.2d 1015, 1019–1020 (Pa. Super. 2009) (internal citations omitted).

Appellant objects to the following comments made by the Commonwealth during its closing argument:

> Ladies and gentlemen ... defense counsels' job ... is to get up here and advocate for his client and say whatever he can to do so. Again, the evidence here is overwhelming, so he's doing the best with what he's got. But he can get up here and say whatever he wants, unlike the police officers in this case, who took the stand, raised their hand and swore to tell the truth.
>
> And every time they get on that stand, they put their badge on the line, their career, their reputation, their families, not just that. When they get up there and they swear to tell the truth, they risk perjury. They risk criminal charges, incarceration, if they do not tell the truth. They got up there and they swore to tell the truth and that's exactly what they told you, the truth.

N.T., 1/18/13, at 48-49.

At the conclusion of the Commonwealth's closing argument, Appellant's counsel objected, asserting that the Commonwealth had attempted to convey to the jury that police officers were more credible than other witnesses due to their profession, and sought a mistrial or, in the alternative, a curative instruction. *Id*. at 53-56. The trial court denied Appellant's motion for mistrial, granted Appellant's request for a curative instruction, and instructed the jury as follows:

> There was a reference made in closing argument by the assistant district attorney. And I want to clarify something with respect to credibility of witnesses. I want to instruct you – and you heard this instruction before, but I think it's appropriate to give it to you again at this point.
>
> I will instruct you that you should neither believe nor disbelieve a law enforcement officer's testimony just because that person is in law enforcement. All witnesses called by the assistant district attorney and by the defendant, if any, are to have their credibility to truthfulness and accuracy evaluated by the same standards.

> Law enforcement officers are people just like the rest of us. And their credibility should be determined for using the same standards you would use for anyone else. No one gets a free ticket to be believed because of their job, whether it be a law enforcement officer, a doctor, a lawyer, or any other profession. Also, you should not disbelieve someone's testimony just because of what that person may or may not do for a living.

*Id*. at 57-58.

We find no abuse of discretion in the trial court's decision to issue the curative instruction rather than declare a mistrial. ***See Commonwealth v. Melendez–Rodriguez***, 856 A.2d 1278 (Pa. Super. 2004) (en banc) ("The law presumes that the jury will follow the instructions of the court."). Any prejudice resulting from the Commonwealth's comments as to the credibility of law enforcement officers was effectively cured by the trial court's immediate and comprehensive cautionary instruction. We find no error in the trial court's determination that Appellant was not deprived of a fair and impartial trial and conclude that the trial court did not err in denying his motion for mistrial. ***See Commonwealth v. Collins***, 70 A.3d 1245, 1253 (Pa. Super. 2013) (citations omitted) ("Mistrials should be granted only when an incident is of such a nature that its unavoidable effect is to deprive appellant of a fair trial [;] [t]he trial court is permitted to rectify an event prejudicial to the defendant by means less drastic than granting a mistrial.") (citations omitted).

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/20/2014</u>